# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>   Plaintiff,<br><br>   v.<br><br>M. MELO, et al.,<br><br>   Defendants. | Case No. 1:15-cv-00353-AWI-DLB PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(G) AND DENYING PENDING MOTIONS AS MOOT<br><br>(Documents 3, 7 and 12) |

Plaintiff Danny James Cohea ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 23, 2014, and it was transferred to this Court on March 3, 2015. He names over 100 Defendants, including dozens of federal judges and other federal officers. Plaintiff filed applications to proceed in forma pauperis on September 23, 2014, and October 14, 2014.

**A.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

**B.     DISCUSSION**

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). According to the complaint, Plaintiff was transferred to Corcoran State Prison ("CSP") in 2008, and the events at issue in this action occurred between 2008 and 2013. His complaint appears to challenge the "unconstitutional application" of "sexual misconduct/sexual behavior policies" and the use of disciplinary policies to punish him for exercising his First Amendment rights. ECF No. 1, at 5. Plaintiff also appears to challenge the results of many of his prior court actions.[2] Plaintiff alleges violations of due process and equal protection, as well as violations of the Eighth Amendment based on the alleged use of excessive force in 2009, alleged incidents of food poisoning in 2010, and allegedly false Rules Violation Reports. Plaintiff's allegations, however, do not support a finding that he was under imminent danger at the time he filed his complaint.

In a section titled, "Imminent Danger of Physical Harm," Plaintiff alleges that his life is in constant danger because of "security precautions" placed upon sex offenders. ECF No. 1, at 4-5. However, Plaintiff does not point to a specific, concrete threat and his claims are based solely on speculation. Plaintiff provides no facts to suggest that he has been threatened with, or actually faces, such danger.

Based on the foregoing, the Court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee.

///
///
///

---

[1] The Court takes judicial notice of case numbers 2:97-cv-0366-FCD-DAD Cohea v. Bray (E.D. Cal.) (dismissed on March 3, 1998, for failure to state a claim); 3:09-cv-0679-RCJ-RAM Cohea v. Access Secure Pak (D. Nev.) (dismissed on August 3, 2010, for failure to state a claim); and 3:10-cv-0437-IEG-RBB Cohea v. Patzloff (S.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim and for failure to comply with the Court's orders).

[2] Plaintiff's Complaint is over 100 pages in length, and mainly discusses (1) the procedural history of dozens of prior court actions; and (2) the procedural history of numerous allegedly false Rules Violation Reports.

**C.     CONCLUSION**

Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice to re-filing accompanied by the $400.00 filing fee, and Plaintiff's pending motions are DENIED as moot.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   March 11, 2015                         _____
                                                                    SENIOR  DISTRICT  JUDGE

3