# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, | Case No. 1:15-cv-00353-AWI-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| M. MELO, et al., | (Document 20) |
| Defendants. | |

Plaintiff Danny James Cohea ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 23, 2014, and it was transferred to this Court on March 3, 2015.

On March 11, 2015, the Court dismissed the action pursuant to 28 U.S.C. § 1915(g), without prejudice to refiling accompanied by the $400.00 filing fee.

On April 2, 2015, Plaintiff filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).[1]

**A.   LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not

---

[1] Plaintiff's consent to United States Magistrate Judge jurisdiction was filed on March 16, 2015. Plaintiff signed the consent on March 12, 2015. As the consent was both signed and filed after the March 11, 2015, dismissal, the Court will not reassign the action.

1

shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

**B.     DISCUSSION**

Plaintiff first argues that District Judge Anthony W. Ishii improperly issued the March 11, 2015, dismissal order because the Court had already designated the Magistrate Judge to hear the case upon transfer, and because Plaintiff had apparently given his "official" consent to the jurisdiction of the United States Magistrate Judge. He questions the "motivation" behind the assignment of Judge Ishii and argues that it violates his due process rights.[2]

On March 6, 2015, this case was assigned to the Magistrate Judge upon transfer pursuant to Appendix A to the Local Rules of this Court, which provides for initial assignment to a Magistrate Judge. The Court then sent Plaintiff new case documents, which included an order regarding consent or request for reassignment. The order explained that a Magistrate Judge will not make dispositive rulings without the parties' consent.

Plaintiff states that he filed his consent form immediately, but the Court did not receive it until March 16, 2015. Therefore, at the time that the Court reviewed the complaint and determined it should be dismissed, the Court had not received his consent and the Court assigned a District Court Judge so that a dispositive order could issue.

Contrary to Plaintiff's belief, there was no questionable motivation in the reassignment, and the Court followed procedure in assigning a District Court judge prior to the issuance of a dispositive order. Moreover, this action would have been dismissed without prejudice even if the case was assigned to a Magistrate Judge.

Plaintiff also suggests that Judge Ishii was biased, and should have recused himself, because he was named as a Defendant in his complaint. Setting aside the fact that federal judges are entitled to absolute immunity absent very rare circumstances not presented here, *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), "judicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Litkey v. United States*, 510 U.S. 540, 555, 114 S.Ct.

---

[2] The Court notes that Plaintiff declined Magistrate Judge jurisdiction while this action was pending in the Northern District, prior to transfer.

1147 (1994)). Similarly, "[a]dverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147, and in this instance, Plaintiff's disagreement with the Court's ruling does not suggest bias.

Plaintiff next suggests that this Court's dismissal precluded him from arguing that section 1915(g) did not bar in forma pauperis status. However, Plaintiff's case was dismissed subject to the Three Strikes provision *without prejudice* to refiling with the filing fee. Plaintiff's disagreement with the procedure does not show harm or warrant reconsideration.

Insofar as Plaintiff argues that the cases cited by the Court do not count as strikes, his argument is without merit. Plaintiff suggests that at least some of the cases that the Court listed as strikes do not constitute strikes because the appellate court did not have an opportunity to review the dismissals for "correctness." However, Plaintiff's appeals were dismissed for various reasons, i.e., failure to comply with procedural rules, or an appeal "so insubstantial as to not warrant further review." That Plaintiff's appeals did not warrant consideration *does not* mean that the underlying cases do not count as strikes.

Plaintiff also disagrees with the Court's finding that his allegations did not demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed. His argument that an Eighth Amendment claim necessarily demonstrates imminent danger is without merit.

Finally, Plaintiff's insistence that his complaint states valid claims for relief is not a basis for reconsideration. Plaintiff's disagreement with the language used in the order is also not grounds for reconsideration.

**C.   ORDER**

Based on the above, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   May 6, 2015                              _____
                                                  SENIOR DISTRICT JUDGE